UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOBY ANTWINE MAIZE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5925** |
| **CORRECTHEALTH JEFFERSON, L.L.C., ET AL.** | **SECTION "N"(1)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Jacoby Antwine Maize, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants CorrectHealth Jefferson, L.L.C., Dr. Stacey Green, Jean Llovet, Dr. Christopher Marrero, Sheriff Newell Normand, Chief Sue Ellen Monfra, the State of Louisiana (through Attorney General James D. Caldwell), and the LSU Board of Supervisors. In the complaint, plaintiff claims that he has not been provided with adequate medical care at the Jefferson Parish Correctional Center.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Those provisions apply even where, as here, the inmate has paid the filing fee. Thompson v. Hayes, No. 13-10300, 2013 WL 5736455, at *1 (5th Cir. Oct. 23, 2013); Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Augustin v. Prieto, Civ. Action No. 06-7193, 2007 WL 38324, at *1 (E.D. La. Jan. 3, 2007).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the claims against Sheriff Newell Normand, Chief Sue Ellen Monfra, the

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

State of Louisiana (through Attorney General James D. Caldwell), and the LSU Board of Supervisors be dismissed pursuant to the foregoing provisions of federal law.[2]

As to Sheriff Newell Normand and Chief Sue Ellen Monfra, no proper claim has been stated against those defendants in their official capacities. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against Sheriff Normand and Chief Monfra would in reality be claims against the local governmental entity they serve. However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura,

---

[2] This Partial Report and Recommendation does not address the claims against CorrectHealth Jefferson, L.L.C., Dr. Stacey Green, Jean Llovet, and Dr. Christopher Marrero. Those claims will be considered separately in due course.

3

76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against either Sheriff Normand or Chief Monfra.

Plaintiff has also failed to state proper claims against Sheriff Normand and Chief Monfra in their individual capacities. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

The only factual allegations made against Sheriff Normand and Chief Monfra in the complaint are that "they failed to properly investigate my complaints against Correct Health Jefferson employees and denied any remedy to my complaint."[3] However, that is not a basis for liability, because an inmate simply has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D.

---

[3] Rec. Doc. 3, p. 9.

La. May 10, 2007); <u>Mahogany v. Miller</u>, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), <u>appeal dismissed</u>, 252 Fed. App'x 593 (5th Cir. 2007).

Plaintiff has also named the State of Louisiana as a defendant in this lawsuit. However, the claims against the State of Louisiana are clearly prohibited by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002); <u>Tyson v. Reed</u>, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Moreover, as the United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo</u>, 279 F.3d at 281 (quotation marks and citations omitted). Accordingly, the claims against the State of Louisiana should be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction. <u>See</u> <u>Warnock v. Pecos County, Texas</u>, 88 F.3d 341, 343 (5th Cir. 1996); <u>Tyson v. Tanner</u>, Civ. Action No. 08-4445, 2009 WL 2899815, at *7 (E.D. La. Aug. 31, 2009)

Plaintiff has also named the LSU Board of Supervisors as a defendant in this action. That, too, is improper. The LSU Board of Supervisors is an arm of the State of Louisiana and, as such, is likewise immune from suit under the Eleventh Amendment. <u>Mathai v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College</u>, Civ. Action No. 12-2778, 2013

WL 3776580, at *4 (E.D. La. July 17, 2013); Hill v. Lee, 2009 WL 1230011, at *1 (W.D. La. May 5, 2009). Therefore, the claims against the LSU Board of Supervisors should also be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction.

Lastly, the Court notes that, in connection with his complaint, plaintiff filed a motion for a preliminary injunction. Rec. Doc. 6. However, under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision

to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. Plaintiff sought a preliminary injunction on the grounds that his life was allegedly endangered due to the defendants' failure to send him for outside surgery to amputate his finger. However, at a telephone hearing held on November 7, 2013, plaintiff testified that the amputation has since been performed, there is no sign of a lingering infection, an additional surgery has been scheduled, and the imminent danger has passed. In light of those facts, no substantial threat of irreparable harm exists if the preliminary injunction is denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims against Sheriff Newell Normand and Chief Sue Ellen Monfra be **DISMISSED WITH PREJUDICE** as frivolous and/or the failure to state a claim upon which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's federal civil rights claims against the State of Louisiana (through Attorney General James D. Caldwell) and the LSU Board of Supervisors be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

It is **FURTHER RECOMMENDED** that plaintiff's motion for a preliminary injunction, Rec. Doc. 6, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twentieth day of November, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.